IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: | |
| TAMMY BONAM, | |
| Debtor. | 1:22-cv-150 |
| TAMMY BONAM, | |
| Appellant, | Bankruptcy Case |
| | No. 22-10340 |
| v. | |
| HUON LE, Chapter 13 Trustee, | |
| Appellee. | |

**O R D E R**

Before the Court is Appellant-Debtor Tammy Bonam's appeal of the United States Bankruptcy Court for the Southern District of Georgia's November 7, 2022 Order sustaining Appellee-Trustee Huon Le's objection to Bonam's claim of exemptions on a 2022 Mitsubishi Outlander (the "Vehicle"). (Doc. 5.) This appeal raises the question of whether 42 U.S.C. § 407(a) allows a debtor to exempt a motor vehicle purchased using prepetition social security benefits from the bankruptcy estate. (Id. at 2-3.) Because the Court finds the Vehicle falls outside the protection of 42 U.S.C. § 407, the Court **AFFIRMS** the Bankruptcy Court's ruling.

## I. BACKGROUND

Bonam filed for Chapter 13 bankruptcy on May 19, 2022. (Record on Appeal, Doc. 4-1, at 1.) That same day, Bonam filed her schedules listing her assets, exclusions, and exemptions. (Id. at 18-19.) She listed the Vehicle on Schedule A/B and as an exempt asset on Schedule C pursuant to O.C.G.A. § 44-13-100(a)(2)(A). (Id. at 12, 18.) On a subsequent amendment to Schedule C, Bonam listed the Vehicle as an exempt asset also under 42 U.S.C. § 407(a). (Id. at 62.)

Le objected to Bonam's claimed exemption on grounds that the Vehicle was not exempt by either O.C.G.A. § 44-13-100(a)(2)(A) or 42 U.S.C. § 407(a). (Id. at 104.) The Bankruptcy Court sustained Le's objection and ruled that the Vehicle purchased prepetition using her social security benefits was not an exempt asset under O.C.G.A. § 44-13-100(a)(2)(A) or 42 U.S.C. § 407(a). In re Bonam, No. 22-10340, 2022 WL 16749080, at *1 (Bankr. S.D. Ga. Nov. 7, 2022). Bonam now appeals the Bankruptcy Court's November 7, 2022 Order only as it relates to 42 U.S.C. § 407(a). (Doc. 1; Doc. 5, at 3.)

## II. LEGAL STANDARD

On appeal of a bankruptcy court judgment, the district court functions like an appellate court. In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993). Accordingly, the Court reviews the bankruptcy court's factual findings for clear error, and its legal

2

conclusions *de novo*. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009) (citation omitted).

### III. DISCUSSION

"Under federal law, when a debtor files for bankruptcy [her] property becomes part of the bankruptcy estate and is thereby exposed to creditors." In re McFarland, 790 F.3d 1182, 1185 (11th Cir. 2015) (citation omitted). However, certain types of property may be exempt from the bankruptcy estate, and, in Georgia, a debtor may use exemptions under both Georgia law and federal non-bankruptcy law, such as 42 U.S.C. § 407. In re McFarland, 481 B.R. 242, 247 (Bankr. S.D. Ga. 2012). Section 407 provides, in relevant part:

> (a) In General
> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
> (b) Amendment of Section
> No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. § 407(a)-(b). The objecting party, here Le, bears the initial burden to establish the exemption is not properly claimed. See FED. R. BANKR. P. 4003(c). Once Le has met the initial burden,

3

the burden shifts to debtor, here Bonam, to prove the exemption is valid. In re McFarland, 481 B.R. at 248.

In her appeal, Bonam "challenges the Bankruptcy Court's decision regarding [her] right to exempt/exclude the [Vehicle] from the bankruptcy estate pursuant to 42 U.S.C. § 407." (Doc. 5, at 3.) First, Bonam argues the Bankruptcy Court erred when it found that Le met her initial burden to establish the exemption of the Vehicle under 42 U.S.C. § 407(a) was improper. (Id. at 4-8.) Specifically, Bonam argues Section 407 "has no provision declaring that Social Security benefits need to be directly traceable to a purchase as it is clear that Congress intended for the benefits to be out of the reach of any bankruptcy trustee." (Id. at 4.) In response, Le argues she "overcame [the] initial burden by pointing out . . . that [Bonam] was attempting to exempt [the Vehicle] by use of exemptions that specifically reference and identify a debtor's right to receive money or money equivalent." (Doc. 6, at 9.) According to Le, Section 407 does not "provide[] for the exemption of any proceeds of [social security] funds or the traceability of those funds into other non-protected types of assets." (Id.) The Court finds Le met her initial burden to establish the exemption under Section 407(a) was not properly claimed for the Vehicle because the language of Section 407(a) only refers to "future payment" or "moneys paid or payable," not personal property purchased with social security benefits. See 42 U.S.C. § 407(a). Moreover, read in its entirety, Section 407 does

4

not include any language relating to the traceability of social security benefits. See id. Therefore, the Bankruptcy Court did not err when it found Le met her initial burden to establish the exemption under Section 407(a) was not properly claimed and shifted the burden to Bonam to try and establish the exemption as valid.[1]

Next, Bonam argues "once the burden of supporting the exemption under [Section] 407(a) was shifted to [her], the Bankruptcy Court erred by ruling that [Section] 407(a) did not protect assets traceable to social security proceeds." (Doc. 5, at 3.) She argues Section 407(b) "restricted Congress' power to limit or modify the prohibition in subsection (a)," and because Section 407(b) is not "'subject to the provisions of the Bankruptcy Code, Congress manifested its intent to exempt social security payments under Section 407(a) . . . .'" (Id. at 9 (quoting In re Markley, 1:05-bk-03492, Doc. 29 (Bankr. M.D. Pa. June 8, 2016)) (alterations adopted).) Further, Bonam contends she met her burden in establishing the Section 407 exemption was valid by relying on Mostoller v. Garrett and requests the Court to adopt the reasoning from that case to find that the Vehicle "is not property of the bankruptcy estate." (Id. at 10-12 (citing Mostoller v. Garrett (In re Garett), Adv. Proc. No. 3:21-ap-3037, Doc. 20 (Bankr. E.D.

---

[1] Bonam also challenges each case cited in the Bankruptcy Court's November 7, 2022 Order as being irrelevant to the issues at hand. (Doc. 5, at 5-8.) However, because legal conclusions are reviewed *de novo*, the cases relied on by the Bankruptcy Court have no impact on the analysis of this Court, and thus, the Court does not address these arguments herein. In re Globe Mfg. Corp., 567 F.3d at 1296.

Tenn. Apr. 6, 2022))[2].) According to Bonam, the Bankruptcy Court in Garrett concluded Social Security funds that were no longer in the debtor's bank account were still protected because "Congress made it clear that any Social Security benefits that have been paid are protected regardless [of] if the debtor in Garrett or [Bonam] here used the funds to either pay a family member back or buy a car." (Id. at 11.) In response, Le argues the cases relied on by Bonam "address the ability to exempt social security funds deposited into a bank account, whether commingled or not," and the Court agrees. (Doc. 6, at 12.) The very language Bonam quotes from Markley addresses Congress' intent to exempt social security payments regardless of whether the right to receive those payments was prepetition or postpetition, not what is purchased with the payments, and the Bankruptcy Court in Garrett found Section 407 protected a portion of a fraudulent transfer that was attributable to the debtor's social security benefits, not whether the protections of Section 407 applied to personal property purchased with social security benefits. See In re Markley, 1:05-bk-03492, Doc. 29, at 4; see Garrett, Adv. Proc. No. 3:21-ap-3037, Doc. 20, at 19. Compare those cases with In re Franklin where a bankruptcy court found "[t]he protection of § 407 does not extend to tangible

---

[2] The Bankruptcy Court in Garrett noted that the Debtor's last name was misspelled as "Garett" in his bankruptcy petition but no amended petition was filed to correct the misspelling. (Garrett, Adv. Proc. No. 3:21-ap-3037, Doc. 20, at 2 n.1.) Accordingly, the Court will use "Garrett" when referring to this case.

6

property purchased with social security proceeds, even if the property is traceable to the proceeds." In re Franklin, 506 B.R. 765, 776 n.8 (Bankr. C.D. Ill. 2014). Therefore, Bonam fails to meet her burden to show the exemption under Section 407 is valid for a vehicle purchased with prepetition social security funds.[3] Accordingly, the Bankruptcy Court did not err when it found Section 407(a) is not a valid exemption for the Vehicle.

Lastly, Bonam argues the Bankruptcy Court erred when it partially based its ruling on Georgia law. (Doc. 5, at 3-4, 12-13.) Bonam contends the Bankruptcy Court "pre-empted federal law with Georgia bankruptcy exemptions" when it rejected Section 407 as a basis to exclude or exempt the Vehicle from the bankruptcy estate and required her to "amend her exemptions to take Georgia exemptions." (Id. at 12.) In response, Le states that because Section 407 does not extend to the Vehicle, if Bonam "want[ed] to exempt any portions of her ownership interest in [the Vehicle]," the Bankruptcy Court ordered she "must use her motor vehicle exemption found at O.C.G.A. § 44-13-100(a)(3) and limited to only $5,000 of value to exempt the [V]ehicle." (Id. at 16.) As discussed above, Section 407 does not extend to assets traceable

---

[3] Bonam also argues the Bankruptcy Court erred by "adding a requirement that shows traceability in violation of [Section 407(b)]." (Doc. 5, at 2.) The Court does not find the Bankruptcy Court added any traceability requirement. In fact, to the extent Bonam argues the Bankruptcy Court cannot amend Section 407, the Court agrees, as does Le. (See Doc. 6, at 13-15.) The argument that courts cannot amend Section 407 to include a traceability provision only further supports Le's assertion that Section 407 does not exempt property that is traceable to social security benefits.

7

to social security proceeds, and therefore, the Court agrees with the Bankruptcy Court that Bonam could only use O.C.G.A. § 44-13-100(a)(3) to exempt any portion of her ownership interest in the Vehicle. Thus, the Bankruptcy Court did not err when it found Section 407(a) did not supersede the exemption under Georgia law.

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's November 7, 2022 Order sustaining the Appellee-Trustee Huon Le's objection. The Clerk shall terminate all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of July, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA